IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MICHELLE HERNANDEZ,<br>Plaintiff, | § <br> § <br> § | |
| v. | § | EP-19-CV-260-DB |
| | § | |
| EMPIRE TODAY, LLC,<br>Defendant. | § <br> § <br> § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Plaintiff Michelle Hernandez's ("Hernandez") "Motion to Remand" ("Motion") filed in the above-captioned case on October 9, 2019. ECF No. 7. Defendant Empire Today, LLC ("Empire Today") filed a Response on October 16, 2019. ECF No. 8. Hernandez filed a Reply on October 21, 2019. ECF No. 10. After due consideration, the Court is of the opinion that Hernandez's Motion should be denied.

## BACKGROUND

On December 7, 2018, Hernandez filed an "Original Petition" in County Court at Law 6 in El Paso County, Texas against her former employer, Empire Today, and her supervisor at Empire Today, Rita Rey ("Rey").[1] Orig. Pet. ¶¶ 3–4, 23, ECF No. 2-1. Therein, Hernandez alleges Empire Today discriminated against her on the basis of sex and disability in violation of § 21.051 of the Texas Labor Code. *Id.* ¶¶ 18–19, 24–25. Hernandez also alleges that Empire Today retaliated against her in violation of § 21.055 of the Texas Labor Code when she opposed the discrimination. *Id.* ¶¶ 20–21. Hernandez further claims that Rey assaulted her at work by threatening imminent bodily injury. *Id.* ¶¶ 16–17. Finally, Hernandez argues that both Empire Today and Rey were negligent in hiring, supervising, training, and retaining employees. *Id.* ¶¶

---

[1] Empire Today claims that Hernandez incorrectly names "Rita Rey" in pleadings and that the correct spelling of her name is "Rita Rae." This Court will refer to her as "Rey," as Hernandez spells the surname in pleadings.

22–23. Hernandez sought monetary relief over $1,000,000. *Id.* ¶¶ 27. The lawsuit was subsequently transferred to the 120th District Court of El Paso County, Texas. Transfer Order, ECF No. 2-5.

On September 13, 2019, Empire Today filed a "Notice of Removal" in this Court based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Notice of Removal 1, ECF No. 1. Therein, Empire Today argues that the amount-in-controversy exceeds $75,000. *Id.* at 2, 5–6. Additionally, Empire Today asserts that diversity of citizenship exists between it, a limited liability company that is a citizen of Delaware and Illinois, and Hernandez, a citizen of Texas. *Id.* at 2–3. Further, Empire Today claims that Rey, who Hernandez alleges is a citizen of Texas, is improperly joined because Hernandez failed to sue Rey within the limitations period and, therefore, cannot establish a cause of action against Rey. *Id.* at 3–5. As a result, Rey's citizenship should be disregarded, and complete diversity exists between Empire Today, the only remaining defendant, and Hernandez, the only plaintiff. *Id.* at 2, 5. As such, removal to federal court based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332 is proper. *Id.*

## LEGAL STANDARDS

Provided the district court has original jurisdiction of the civil action, defendants may timely remove a cause from state to federal court. 28 U.S.C. § 1441(a) (2012). District courts have original jurisdiction of civil actions that do not arise under federal law when the amount-in-controversy exceeds $75,000 and the parties are completely diverse, meaning that no plaintiff and defendant are citizens of the same state. 28 U.S.C. § 1332(a); *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998). A limited liability company's citizenship is determined by all

the members' citizenship. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

Further, a diversity action is only removable if none of "the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." § 1441(b) (emphasis added). When one of the parties joined would prevent complete diversity of citizenship, his presence may be disregarded if the removing party can establish that the party was improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). However, the removing party bears the heavy burden of proving that joinder was improper by establishing either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citation omitted).

In the instant action, there is no claim of fraud in the pleadings, so the Court focuses on the second test for improper joinder. Regarding a plaintiff's ability to establish a claim, courts must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

To determine whether a reasonable possibility for recovery against a joined party exists, the Court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* Dismissal of a claim under Rule 12(b)(6) as barred under the applicable statute of limitations, including for failure to serve process, is proper where it is evident from the

plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling. *Henderson v. Republic of Texas Biker Rally, Inc.*, No. 1-15-CV-392 RP, 2015 WL 6829514, at *2–5 (W.D. Tex. Nov. 6, 2015), aff'd sub nom. *Henderson v. Republic of Texas*, 672 F. App'x 383 (5th Cir. 2016).

## ANALYSIS

Under Texas law, claims for assault and negligence are governed by a two-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (establishing two-year limitations period for tort claims). "[A] timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation. If service is diligently effected after limitations has expired, the date of service will relate back to the date of filing." *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (internal citations omitted). "In assessing diligence, the relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Id.* at 216. Lack of explanation by a plaintiff for delays in service can indicate lack of diligence. *Id.* at 217.

In this case, Hernandez makes claims of assault and negligence against Rey. Orig. Pet. ¶¶ 16–17, 22–23, ECF No. 2-1. Therefore, a two-year statute of limitations applies. Tex. Civ. Prac. & Rem. Code Ann. § 16.003. Hernandez fails to allege the exact dates when the alleged assault and negligence occurred. *See* Orig. Pet. ¶¶ 16–17, 22–23, ECF No. 2-1. However, Hernandez does specify that she was terminated by Empire Today on August 15, 2017. *Id.* ¶ 13. Therefore, the alleged assault and negligence must have been committed on or before August 15, 2017. Thus, Hernandez was required to serve Rey by, at latest, August 15, 2019. However, the

record fails to show that Rey was served by that date or that she has been served at all. *See* Citation for Rey, ECF No. 2-4; Case Summary 3, ECF No. 2-14.

> Hernandez argues that she was diligent in attempting to serve Rey because:
>
> Hernandez obtained issuance of a citation and attempted to serve Rey [at her work address]. Because Rey no longer works at the only address available to Hernandez, Hernandez hired an investigator to attempt to find her. Hernandez also submitted discovery requests which would require Empire Today to provide Rey's last known address, to aid in finding and serving her. Empire Today has obstructed Hernandez by refusing to answer these discovery requests.

Mot. 7–8, ECF No. 7.

Hernandez's Motion should be denied because her allegedly diligent attempts to serve Rey do not suffice. Thus, the two-year statute of limitations was not interrupted, and Hernandez cannot maintain claims of assault and negligence against Rey because Rey was not served before the running of the statute of limitations. Therefore, Rey was improperly joined. Accordingly, complete diversity exists, and the Court has diversity jurisdiction over this action under 28 U.S.C. § 1332.

### 1. Hernandez's Obtainment of a Citation and Attempted Service at Rey's Work Address Was Not Diligent.

The Texas Rules of Civil Procedure instruct that: "[u]pon the filing of the petition, the clerk, when requested, shall forthwith issue a citation and deliver the citation as directed by the requesting party. The party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition." Tex. R. Civ. P. 99(a). "When the officer or authorized person has not served the citation, the return shall show the diligence used by the officer or authorized person to execute the same and the cause of failure to execute it, and where the defendant is to be found, if ascertainable." Tex. R. Civ. P. 107(d). In *Hernandez v. Hernandez*,

the court found that the plaintiff did not comply with the Texas Rules of Civil Procedure governing citation and return of service when "[t]he citation [was] not signed by the serving officer, there [was] no date or time noted to establish when or if it was served, and the return of service portion [was] blank. No. 03-05-00223-CV, 2006 WL 566081, at *2 (Tex. App.—Austin Mar. 9, 2006, no pet.).

The return of citation must show diligence used to execute service in order to avail the serving party to the benefits afforded under the law to a diligent attempt of service. *See Hot Shot Messenger Serv., Inc. v. State*, 818 S.W.2d 905, 908 (Tex. App.—Austin 1991, writ denied) (holding that because a return of citation did not show reasonable diligence on its face in attempting service on the registered agent at the registered address, the court did not have personal jurisdiction over a defendant corporation by substitute service on the Texas Secretary of State); *David A. Carl Enters., Inc. v. Crow-Shutt # 14*, 553 S.W.2d 118, 120 (Tex. App.—Houston [1st Dist.] 1977, no writ) (holding that because a return of citation did not affirmatively show the diligence used by the officer in executing the citation or the cause of failure to execute, the return could not support default judgment).

In her Motion, Hernandez claims that she obtained issuance of a citation and attempted to serve Rey at her work address, which was the only address available to Hernandez. Mot. 7, ECF No. 7. But service failed because Rey no longer worked at that address. *Id.* Hernandez argues that this attempt to serve Rey was diligent. *Id.*

Hernandez's argument fails. Like the citation in *Hernandez v. Hernandez*, the citation for Rey is not signed by the serving officer, there is no date or time noted to establish when or if it was served, and the return of service portion is blank. 2006 WL 566081, at *2;

Citation for Rey, ECF No. 2-4. As a result, Hernandez did not comply with the Texas Rules of Civil Procedure governing citation and return of service. Similar to the return of citation in *David A. Carl Enterprises*, Hernandez's return of citation does not affirmatively show the diligence used by the officer in executing the citation or the cause of failure to execute. 553 S.W.2d at 120; Citation for Rey, ECF No. 2-4. In fact, nothing in the record indicates that a return of citation for Rey was even submitted as Rule 107(d) requires. *See* Citation for Rey, ECF No. 2-4. Furthermore, because Hernandez's return of citation for Rey, or lack thereof, does not show diligence, Hernandez cannot benefit from a diligent attempt of service. Therefore, Hernandez's obtainment of a citation and attempted service at Rey's work address will not interrupt the running of the statute of limitations.

The Court will now turn to Hernandez's attempt to serve Rey by hiring an investigator.

### 2. Hernandez's Hiring of an Investigator to Find and Serve Rey Was Not Diligent.

> [O]nce a defendant has affirmatively pled the limitations defense and shown that service was effected after limitations expired, the burden shifts to the plaintiff to explain the delay. Thus, it is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay."

*Proulx*, 235 S.W.3d at 216 (internal citations and quotations omitted).

In *Proulx*, a process server made twenty-three unsuccessful attempts to serve the defendant at four different addresses. *Id.* at 214. An investigator then located three possible alternative addresses for the defendant, and a process server made twelve unsuccessful attempts to serve the defendant at those addresses. *Id.* at 214–15. Then the plaintiff hired another process server who made seven service attempts at two different addresses and made over twenty calls to

7

the defendant's brother. *Id.* The plaintiff also hired another private investigator who concluded that the defendant was moving from relative to relative in an attempt to avoid service and suggested substituted service under Texas Rule of Civil Procedure 106(b). *Id.* The defendant was finally effected by substituted service on the defendant's brother a little over eight months after the statute of limitations expired. *Id.* The Court in *Proulx* held that the plaintiff's efforts to serve the defendant were diligent because there were no periods of unexplained inaction. *Id.* at 216–17.

In this case, Empire Today argues and shows that Rey was not served by the date the statute of limitations expired. Notice of Removal 3–5, ECF No. 1; Case Summary 3, ECF No. 2-14. The burden, therefore, shifts to Hernandez to explain the delay and show diligence. *Proulx*, 235 S.W.3d at 216. After Hernandez's attempt to serve Rey at Rey's work address failed, Hernandez claims that she hired an investigator to attempt to find Rey. Mot. 7–8, ECF No. 7. This claim alone does not satisfy Hernandez's burden to explain the delay and show diligence. Unlike the plaintiff in *Proulx*, Hernandez fails to identify the investigator and does not explain, much less present evidence regarding, the efforts made to locate and serve Rey and when they were undertaken. *See* Mot. 2, 7–8, ECF No. 7; Decl. of Brett Duke ¶ 6, ECF No. 7-1. Hernandez merely asserts that she hired an investigator. *Id.* Because Hernandez does not specify the dates the investigator attempted to locate and serve Rey, Hernandez does not explain every period of delay. Hernandez's hiring of an investigator to find and serve Rey was not diligent because Hernandez fails to meet her burden of showing diligence.

The Court will now turn to Hernandez's attempt to utilize the discovery process to find and serve Rey.

### 3. Hernandez's Use of the Discovery Process to Find and Serve Rey Was Not Diligent.

The plaintiff is responsible for obtaining service of the citation and a copy of the petition. Tex. R. Civ. P. 99(a); *see also Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex. App.—Corpus Christi 1994, no writ) (holding that plaintiff's attorney improperly placed reliance on process server and had responsibility to see that service was properly accomplished). The responsibility of a plaintiff to exercise diligence in ensuring the court clerk issues citations and delivers them as directed extends to seeing that service is properly reflected in the record. *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994); *Creaven v. Creaven*, 551 S.W.3d 865, 873 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

In this case, Hernandez argues that she served discovery requests on Empire Today to obtain an address from which Rey may be served. Mot. 8, ECF No. 7. Hernandez then claims that Empire Today obstructed the attempts to serve Rey by objecting to and refusing to answer the discovery requests. *Id.*

However, Hernandez, not Empire Today, is responsible for obtaining service of the citation and a copy of the petition on Rey. Tex. R. Civ. P. 99(a). Hernandez may utilize information obtained from Empire Today in discovery requests to effectuate service of Rey. However, Hernandez may not *depend* on Empire Today's responses to discovery requests and subsequently argue that she was diligent by merely serving discovery requests. Such a dependence on Empire Today's responses to discovery requests to effectuate service would shift the responsibility of service to Empire Today, violating Rule 99(a). Further, Empire Today is permitted to assert objections to the discovery requests, as it did here. Tex. R. Civ. P. 196.2(b) and 197.2(b); Resp. 6, ECF No. 8. Because service on Rey is not properly reflected in the record,

Hernandez has not fulfilled the responsibility to exercise diligence in service of the citation and a copy of the petition on Rey. *See* Citation for Rey, ECF No. 2-4; Case Summary 3, ECF No. 2-14.

## CONCLUSION

In light of the foregoing, the Court determines that Rey is improperly joined. Hernandez does not plead sufficient facts, viewed in a light most favorable to Hernandez, from which the Court could infer a basis for Hernandez's claims against Rey individually. As such, the Court does not consider Rey's citizenship for purposes of removal and further dismisses Rey from the instant action. Accordingly, complete diversity exists and the Court has diversity jurisdiction over this action. Therefore, the Court is of the opinion that the instant Motion should be denied and the following orders entered.

**IT IS HEREBY ORDERED** that Plaintiff Michelle Hernandez's "Motion to Remand" is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Rita Rey is **DISMISSED WITH PREJUDICE** from the instant case.

SIGNED this _15_ day of **November 2019**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE