# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| MICHELLE HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. EP-19-CV-260-DB |
| | § | |
| EMPIRE TODAY, LLC, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S REPLY IN SUPPORT OF ITS
## MOTION FOR SUMMARY JUDGMENT

Victor N. Corpuz
Texas State Bar No. 04838450
corpuzv@jacksonlewis.com
Mehronissa Modgil
Texas State Bar No. 24092846
mehronissa.modgil@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard
Suite 2500
Dallas, Texas 75201
Telephone: (214) 520-2400
Fax: (214) 520-2008

**ATTORNEYS FOR DEFENDANT**

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Subject to Defendant's Objections to Plaintiff's Summary Judgment Evidence, Defendant files this Reply in support of its Motion for Summary Judgment.

**1.    Background and Summary of the Arguments.**

Since filing her Charge of Discrimination in December 2017, Plaintiff has unequivocally asserted the following central facts: (i) She disclosed to Empire Today her "high risk" pregnancy due to her child's impairment; (ii) she requested and received 30 days of personal leave but asked for more to care for her disabled child after delivery; (iii) Rae made unwanted comments, issued unfair discipline, criticized her job performance, and threatened adverse actions; and (iv) she complained to HR about Rae. Just now, *almost three years later*, Plaintiff responds to summary judgment by essentially creating a new, unrecognizable case based almost exclusively on two new affidavits in support of new claims not pled and beyond the period to so plead, and the majority of the contents of which are inadmissible. *See* Defendant's Objections to Plaintiff's Summary Judgment Evidence ("Objections"). In doing so, Plaintiff masks the weaknesses in her claims and loses sight of her burden in putting forth competent evidence to support her claims. Inadmissible affidavits aside, Plaintiff fails to show (1) that she had a qualified disability and was owed a duty to reasonably accommodate; (2) a single comparator; or (3) any evidence (or allegation based on fact) of pretext. Thus, there is no reason for this matter to proceed before a jury.

**2.    Plaintiff Cannot Show She Was Disabled at the Time of Termination.[1]**

   a. *Plaintiff's newly asserted "impairments" are inadmissible and should be disregarded.*

Plaintiff asserts brand new impartments via her affidavit—hypertension and gestational diabetes. *See* Response Ex. A, ¶ 3, 4, 19. Under the sham-affidavit doctrine, she should be

---

[1] Plaintiff's Response does not address her "regarded as" disability discrimination claim thereby conceding that summary judgment is proper.

precluded from asserting them now as a last-ditch effort to survive summary judgment. *Powell v. Dall. Morning News L.P.*, 776 F. Supp. 2d 240, 246 (N.D. Tex. 2011) (sham affidavits, that is, affidavits containing inconsistent testimony or admissions, are also inadmissible as summary judgment evidence). Until now, Plaintiff has never referenced (even vaguely) such impairments, thus contradicting prior interrogatory testimony and judicial admissions that the "high risk nature of her pregnancy" was her child's impairment. Dkt. 2-1, ¶ 12; Ex. B at 2, 9; Ex. C at 1. *Lucke v. Multnomah Cnty.*, No. CV-06-1149-ST, 2008 U.S. Dist. LEXIS 71861, at *85 n.6 (D. Or. Sep. 22, 2008) (portions of employee's affidavit identifying new impairments and limitations support of an ADA claim stricken, as employee failed to identify such in her pleadings or during discovery.). Plaintiff's actions go to the very crux of the sham affidavit doctrine. *See e.g., Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir. 2000) (the sham affidavit doctrine "stands for the proposition that a nonmoving party may not manufacture a dispute of fact merely to defeat a motion for summary judgment."). Alleging an impairment is the first step for an ADA discrimination claim. Plaintiff provides no explanation for her inability to do so until summary judgment three years after filing. These portions of her affidavit should be stricken.

b. *Plaintiff's newly identified impairments are not qualified disabilities as a matter of law.*

Inadmissibility arguments aside, Plaintiff's disability claim still fails as a matter of law, as she fails to establish that these impairments substantially limit a major life activity. Absent proof of long-term effects, these impairments are not disabilities. The failure to allege long-term effects is an issue ripe for summary judgment. *Kennebrew v. N.Y.C. Hous. Auth.*, 01 Civ. 1654 (JSR)(AJP), 2002 U.S. Dist. LEXIS 3038, at *72 n.32 (S.D.N.Y. Feb. 26, 2002) (granting summary judgment on ADA claim predicated on gestational diabetes, as employee failed to present evidence that it was short-term or substantial enough to constitute a disability); *Johnson v.*

*A.P. Products, Ltd.*, 934 F. Supp. 625, 626-27 (S.D.N.Y. 1996) (complications resulting from pregnancy did not constitute a disability); *Williamson v. Am. Nat'l Ins. Co.*, 695 F. Supp. 2d 431, 448 (S.D. Tex. 2010) (an employee's impairment must be permanent or long term); *Shrubshall v. Reds Cats, USA*, No. SA-09-CV-0991 FB, 2010 U.S. Dist. LEXIS 76636, at *4 (W.D. Tex. July 27, 2010) (diabetes is not a covered disability unless plaintiff provides evidence that it substantially limits a major life activity); *Smith v. Tuesday Morning Corp.*, No. 3-06CV1046-R, 2007 U.S. Dist. LEXIS 97307, at *13 (N.D. Tex. Oct. 2, 2007). Plaintiff fails to show that her hypertension and gestational diabetes (which by definition is a short-term condition) was anything but short-term or substantially limiting. Plaintiff's *only* alleged limitation—not being able to "remain sitting or standing"—is not sufficiently substantial as a matter of law.[2] *Smith,* 2007 U.S. Dist. LEXIS 97307, at *13 ("difficulty standing or sitting for long periods of time is not a substantial limitation."); *Dupre v. Charter Behavioral Health Sys. of Lafayette, Inc.*, 242 F.3d 610, 613 (5th Cir. 2001). Thus, summary judgment is warranted as Plaintiff cannot prove that she is disabled.

**3.** **Plaintiff Has No Competent Evidence of Pretext.**

In order to ultimately prevail on her claims of discrimination and/or retaliation, Plaintiff must establish that her protected classes were motivating factors and her protected activities were the but-for reasons for termination.[3] *See Baker v. Am. Airlines, Inc.,* 430 F.3d 750, 753 (5th Cir. 2005). Plaintiff has not alleged any competent evidence or allegation that raises an issue of fact sufficiently material to defeat summary judgment.

   a. *Plaintiff cannot put forth competent comparator evidence or evidence.*

To start, Plaintiff fails to put forth competent evidence or allegation that she was treated

---

[2] Plaintiff's Response and legal citation to reproductive functions as a major life activity should be disregarded, as there is absolutely no reference by Plaintiff that she was limited in such functions. *See* Response at p. 4.
[3] Plaintiff clarifies that the basis for her sex discrimination claim is pregnancy, despite the fact that such an allegation is missing from her live pleading.

less favorably than someone outside of her protected classes. She already undermined her claims by identifying a pregnant female as her only comparator. Ex. B at 9. Further, her reference to Robert Macias is inadmissible as she lacks personal knowledge as to Macias's disability status and Rae's personnel decisions. Response Ex. A ¶ 32. Fed. R. Civ. P. 56(e); *see also Objections.* Nevertheless, Plaintiff testified that Macias was a "Supervisor" like Rae and thus is not similarly situated to her. Ex. B at p. 8. *Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 298 (5th Cir. 2000) (declining to find "similarly situated" employees who held different job titles and job duties.). Likewise, Plaintiff's and Lisa Lujan's affidavit testimony as to "Andre Apperwhite, a non-disabled man" as Plaintiff's replacement is inadmissible, because they are based on hearsay. Response Ex. A ¶ 33; Ex. B ¶ 5. Fed. R. Civ. P. 56(e); *see Objections. Cole v. Frank's Casing Crew & Rental Tools*, No. H-04-2566, 2005 U.S. Dist. LEXIS 50224, at *13 (S.D. Tex. Oct. 17, 2005) ("a flawed affidavit cannot be remedied through the use of hearsay.") Both also lack personal knowledge as to Plaintiff's replacement and Apperwhite's disability status. Fed. R. Civ. P. 56(e); *see also Objections*. Plaintiff lacks competent evidence that she was replaced by someone outside her protected class. *Cole,* 2005 U.S. Dist. LEXIS 50224, at *19 (summary judgment granted where plaintiff failed to present competent evidence that she was replaced by someone outside of her protected class and striking affidavit to this point due to lack of personal knowledge).

More compelling is Empire Today's competent, indisputable evidence that Plaintiff was *not* replaced, and that one of the sales employees who took over her job duties during her leave was within her protected classes. *Exhibit E,* Declaration of Anthony LaManna, ¶ 4-7.[4] Indeed, Ruby Villa had returned from maternity leave on July 6, 2017—less than four weeks before Plaintiff's termination. *Williams v. Sterling Healthcare Servs.*, No. 04-1531, 2005 U.S. Dist.

---

[4] *Metzler v. XPO Logistics, Inc*., 2014 U.S. Dist. LEXIS 134858, *17 (E.D. Tex. September 25, 2014) (courts generally allow the submission of evidence in a reply brief when it responds to issues raised by the response brief).

LEXIS 34231, at *9 (W.D. La. Aug. 29, 2005) (employee who had returned from maternity leave still within protected class); *Fejes v. Gilpin Ventures, Inc.,* 960 F. Supp. 1487, 1493 (D. Col. 1997) (including plaintiff within the protected class within three months after the conclusion of the pregnancy); *Myers v. Crestone Int'l LLC*, 121 Fed. Appx. 25, 28 (5th Cir. Tex. January 14, 2005) (no prima facie case where employee's replacements included individuals within protected class).

  b. *<u>Plaintiff lacks competent pretextual evidence rebutting the termination decision.</u>*

  Empire Today terminated Plaintiff's employment because she failed to timely return from leave. Ex. A, ¶ 13. To show pretext, Plaintiff must offer evidence to create a material fact issue that Empire Today's decision is not true. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). Plaintiff fails to controvert the decision with admissible evidence. First, her affidavit testimony is certainly insufficient to rebut Empire Today's decision. *Matthew v. Saia Motor Freight Line*, CIVIL ACTION NO. 95-1185 SECTION "R" (2), 1996 U.S. Dist. LEXIS 254, at *11 (E.D. La. Jan. 8, 1996) (employee declaration opposing the decision did not create a fact issue against the employer's declaration confirming the reason); *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 137 (2000) (the employer is in the best position to put forth the actual reason for its decision.). Also, Plaintiff does not deny receipt of the letter reminders. *Brisco v. Home State Ins. Grp., Inc.*, No. CIV.A.3:04 CV 0610 P, 2005 U.S. Dist. LEXIS 9277, 2005 WL 1164183 at *28 (N.D. Tex. May 16, 2005) (where plaintiff did not dispute the underlying facts of termination, he failed to demonstrate pretext for discrimination).

  Instead, Plaintiff relies on her subjective belief that she should have received additional leave.[5] This does not inevitably render Empire Today's decision pretextual, even assuming the

---

[5] Plaintiff's reference to her request for leave under the FMLA is also inadmissible and immaterial. Plaintiff judicially admitted that she <u>requested and received 30 days</u> of personal leave to have her baby, so the portions of her affidavit regarding her request and receipt of FMLA leave should be disregarded. Dkt. 2-1, ¶ 12. Regardless, however, this fact is immaterial, as Plaintiff has not brought any claims under the FMLA.

jury believes that the leave was initially granted. *Ray v. UPS*, 587 F. App'x 182, 192 (5th Cir. 2014) (an employee's mere challenge to the underlying facts of the decision does not create a fact issue); *Nieto v. L & H Packing Co.*, 108 F.3d 621, 624 (5th Cir. 1997) (employees are protected from intentional discrimination, not unfair business decisions.); *Bryant v. Compass Group USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005) (it is not the court's role to second-guess employers' business decisions or act as "super personnel departments"). Likewise, it defies logic that Empire Today would grant Plaintiff's request for additional leave—knowing her protected classes and activities—and then discharge her due to those same protections. As Plaintiff's allegation fails to raise a genuine issue of fact, summary judgment is appropriate as a matter of law.

    c. *Plaintiff cannot prove discriminatory or retaliatory animus by the decision-makers.*

To begin, Plaintiff's accusations of discrimination and retaliatory treatment are made against Rae, who did *not* make the decision to terminate. Ex. A ¶ 14. Plaintiff lacks competent evidence to dispute this. Her reference to Rae's name on her termination form, prepared *after* the decision was made and communicated to Plaintiff, is insufficient to create a *genuine* fact issue as to Rae's involvement.[6] *See* Response Ex. C; Ex. E ¶ 8. Regardless, Rae's involvement is immaterial, as Plaintiff attributes no discriminatory or retaliatory bias to the other decision makers—Garcia, LaManna, and Villagrana. The absence of an allegation, let alone evidence, that other individuals were motivated by discriminatory/retaliatory animus defeats Plaintiff's claims. *Harrison v. Formosa Plastics Corp.,* 776 F. Supp. 2d 433, 442-43 (S.D. Tex. 2011) (holding that decision-makers must be motivated by unlawful animus to create fact issue); *Gee v. Principi*, 289 F.3d 342, 346 (5th Cir. 2002) (courts focus on final decision makers in determining discriminatory or retaliatory animus). Further, Plaintiff failed to depose Rae or the other decision

---

[6] Any unsupported statements alleging Rae's involvement in the decision are not competent summary judgment evidence and should be disregarded.

makers and cannot create a fact issue using only self-serving affidavits. *Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1572 (7th Cir. 1989) (summary judgment granted against employee who did not depose alleged discriminators and provided an affidavit based on "rumor or conjecture.").

   d. *Plaintiff's references to Empire Today's policies are immaterial.*

Plaintiff also relies on Empire Today's purported "departure" from policies as evidence of pretext by stating that because she voluntarily separated, she should have been eligible for rehire. Response Ex. D at p. 5. Plaintiff's misinterpretation of the "Rehire Eligibility" policy should be disregarded, as it does not obligate Empire Today maintain rehire eligibility for all employees who resign voluntarily. Under optional completeness, Empire Today requests that the Court consider the full content of its policy. *Id.* Regardless, this is not a material issue, as it is irrelevant to the termination decision, and Plaintiff does not allege that she sought rehire. Also, Plaintiff's reference to Empire Today's "Accommodation for Pregnancy" policy is not probative of discriminatory animus. *Coney v. Dall. Hous. Auth.*, Civil Action No. 3-01-CV-2337-L, 2003 U.S. Dist. LEXIS 1803, at *11 (N.D. Tex. Feb. 7, 2003) (refusing to place a pregnant employee in a part-time position cannot serve as evidence of discrimination).

   e. *The newly asserted statements by Rae are not probative of discriminatory treatment.*

Plaintiff alleges an overwhelming number of *new* comments not previously alleged by non-decision maker Rae. Each is a mere stray remark and not probative of discriminatory intent. *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 380 (5th Cir. 2010) (to be probative, alleged statements must be related to the decision at issue and to the employee's protected class). The comments in paragraphs 6, 12, 13, 16, 18, 19 are unrelated to her termination and the comments in paragraphs 12, 17, 18, 19, 24 are unrelated to her pregnancy or disability. *See* Response, Ex. A. As such, these alleged "comments" do not create issues of material fact relevant to this case precluding summary judgment, which still remains appropriate as a matter of law.

### 4. Plaintiff's New, Bolstered Claims of Harassment Are Insufficiently Severe or Pervasive.

Assuming testimony admissibility, Plaintiff asserts a host of *new* conduct by Rae in support of her hostile work environment claim: negative looks, more hours and scrutiny, constant meetings, yelling, challenging doctor notes, being confrontational, increasing sales quotas, unwarranted discipline, threats to terminate or demote, and urging resignation. Response Ex. A. To be sure, this exhaustive list of job-related criticism and conduct, even if true, still cannot support a hostile work environment claim, as it is all still work-related. *Brown v. Liberty Mut. Grp.*, 616 F. App'x 654, 657 (5th Cir. 2015) (harassing, threatening comments regarding sales numbers and penalties and other job-related criticisms did not create a hostile work environment); *Lipovsky v. Vilsack*, No. 4:14-CV-00047-DMB-JMV, 2016 U.S. Dist. LEXIS 124805, at *58 (N.D. Miss. Sep. 14, 2016) (failure to promote, unfair evaluations, denial of access to a computer system, an unfair reprimand, removal of duties, and an improper work request did not create a hostile work environment). Plaintiff insufficiently relies only on her subjective belief to show the conduct was because of her sex or disability. *Gibson v. Verizon Servs. Org.*, 498 F. App'x 391, 394 (5th Cir. 2012). She focuses on the daily occurrence (pervasiveness), but even on a daily basis for a few months, there is no showing that this alleged conduct was bad enough to alter her employment. *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 23 (1993); *see Weller v. Citation Oil & Gas Corp.* 84 F.3d 191, 194 (5th Cir. 1996) (Title VII was meant to bar conduct that destroys a protected employee's opportunity to succeed at work). Likewise, Rae's alleged conduct pales in comparison to conduct found to be sufficiently pervasive. *Jackson v. Federal Express Corp.*, No. 03-cv-2341-D, 2006 U.S. Dist. LEXIS 10324, at *35-39 (N.D. Tx. March 14, 2006) (fact issue raised where plaintiff endured racial slurs daily and for several years); S*olomon v. Tidy Bldg. Servs.*, No. 11-147, 2011 U.S. Dist. LEXIS 136850, at *3 (E.D. La. Nov. 29, 2011) (finding of pervasive where plaintiff was subjected to inappropriate sexual comments and touching on a daily basis.); *Wells v.*

*Austal*, No. 08-00155-KD-N, 2011 U.S. Dist. LEXIS 170494, at *20 (S.D. Ala. May 25, 2011) (racially derogatory clothing and rampant Nazi and Confederate graffiti daily raised fact issue).

5. **Plaintiff's Failure to Accommodate Claim Fails As a Matter of Law.**

As discussed above, Plaintiff is not covered by the protections of the ADA as matter of law. Thus, addressing whether Empire Today failed to reasonably accommodate her is unnecessary. As a preliminary matter, like her newly alleged disabilities of hypertension and gestational diabetes, Plaintiff's corresponding claims of denied accommodation requests (no mandatory overtime; time off to visit the doctor), alleged *for the first time* in her affidavit, is equally inadmissible under the sham-affidavit doctrine, as set forth in section 2(a), *supra,* and incorporated by reference here. Response Ex. A at 4, 5, 7, 13. In short, Plaintiff did not exhaust administrative remedies with respect these new claims. Claims under Title VII/TCHRA are limited in scope those included in a timely charge and to factually related claims that could "reasonably be expected to grow out" of the agency's investigation. *El Paso Cnty. v. Vasquez*, 508 S.W.3d 626, 636 (Tex. App. – El Paso 2016, pet. denied). Plaintiff's Charge references a failure to accommodate claim in terms of her request for maternity leave but is devoid of any facts referencing a request to work fewer hours or to be exempt from mandatory overtime. Dkt. 2-1 at p. 9-10. *See Sanchez v. Standard Brands, Inc*., 431 F.2d 455, 462 (5th Cir. 1970) ("the crucial element of a charge of discrimination is the factual statement contained [in the EEOC charge]."). Accordingly, the new failure to accommodate claims are time-barred and must be dismissed.

Further, Plaintiff's reference to Empire Today's "Accommodation for Pregnancy" policy is immaterial to defeat summary judgment. While the policy was implemented to assist pregnant employees, it does not impose a legal duty to accommodate pregnant employees. *Coney v. Dall.*

*Hous. Auth.*, Civil Action No. 3-01-CV-2337-L, 2003 U.S. Dist. LEXIS 1803, at *11 (N.D. Tex. Feb. 7, 2003) (under the PDA, there is no affirmative duty to accommodate pregnant employees).

6.      **Plaintiff's Negligence Claim Cannot Withstand Summary Judgment.**

Plaintiff incorrectly claims that Empire Today failed to affirmatively plead exclusive remedy defenses. The following defenses put Plaintiff on notice of an exclusive remedy defense: (i) the application of the waiver doctrine, (ii) Plaintiff's failure to take advantage of preventive or corrective opportunities from Empire Today, and (iii) invoking statutory limitations precluding recovery. Dkt. 2-6 at p. 4. Tex. Lab. Code § 406.034 ("an employee of an employer <u>waives</u> the employee's right of action…") (*emphasis added); Hardy v. Fleming Food Cos*., CIVIL ACTION H-94-3759, 1996 U.S. Dist. LEXIS 3961, at *1 (S.D. Tex. Feb. 9, 1996) (applying waiver principles to bar from recovery for injuries sustained at work); *Ibarra v. UPS (Ohio),* No. MO-10-CV-113-H, 2011 U.S. Dist. LEXIS 159927, at *5 (W.D. Tex. 2011) (holding that defendant put plaintiff on notice of "exclusive remedy" defense by pleading that her claims are barred "by limitations and/or failure to exhaust administrative remedies."); *Cook v. Fidelity Invs.,* 908 F. Supp. 438, 442 (N.D. Tex. 1995). Still, Plaintiff's plain objection to the use of well-established preclusions, without justification of harm, is insufficient to preclude their application. *Arredondo v. Estrada*, 120 F. Supp. 3d 637, 649 (S.D. Tex. 2015) (summary judgment granted on negligence hiring claim, despite opposition to application of workers' compensation bar due to failure to plead, as plaintiff failed to articulate what discovery was needed or demonstrate prejudicial surprise); *Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572, 577 (5th Cir. 2009) (technical failure to affirmatively plead a defense is not fatal absent evidence of surprise or prejudice). For all of the foregoing reasons, Plaintiff's claims must be dismissed as a matter of law.

Respectfully submitted,

By:    */s/ Victor N. Corpuz*
    Victor N. Corpuz
    Texas State Bar No. 04838450
    corpuzv@jacksonlewis.com
    Mehronissa Modgil
    Texas State Bar No. 24092846
    mehronissa.modgil@jacksonlewis.com
    JACKSON LEWIS P.C.
    500 N. Akard
    Suite 2500
    Dallas, Texas 75201
    Telephone: (214) 520-2400
    Fax: (214) 520-2008

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been forwarded to all counsel of record via ECF filing, on the 13th day of October, 2020, as follows:

Daniela Labinoti
Law Firm of Daniela Labinoti, P.C.
707 Myrtle
El Paso, Texas 79901
Daniela@LabinotiLaw.com

Brett Duke
6350 Escondido Drive, Suite A14
El Paso, TX 79912
Brettduke@brettduke.com

*/s/ Victor N. Corpuz*
Victor N. Corpuz