IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| MICHELLE HERNANDEZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-19-CV-260-DB |
| | § | |
| EMPIRE TODAY, LLC, | § | |
| Defendant. | § | |

## ORDER

On this day, the Court considered Defendant Empire Today, LLC's ("Defendant") "Objections to Plaintiff's Summary Judgment Evidence" filed on October 13, 2020. Therein, Defendant made objections to the Declarations of Plaintiff Michelle Hernandez ("Plaintiff"), ECF No. 39-2, and Lisa Lujan ("Lujan"), ECF No. 39-3. Plaintiff filed a Response on October 14, 2020. After due consideration, the Court is of the opinion that the following order should enter.

**IT IS HEREBY ORDERED** that all objections in Defendant Empire Today, LLC's "Objections to Plaintiff's Summary Judgment Evidence," filed on October 13, 2020, are **OVERRULED**, except as to the following:

| Exhibit & Paragraph | Defendant's Objection(s) | Court's Decision |
|---|---|---|
| Decl. of Pl. ¶ 4, ECF No. 39-2: "The high-risk pregnancy interfered with my ability to perform major life activities." | "Calls for a legal conclusion as to what constitutes a major life activity." | **SUSTAINED** |
| Decl. of Pl. ¶ 6, ECF No. 39-2: "She told me that she had three miscarriages in her life and could not have children, so she was not really too sympathetic to my condition." | "Hearsay." | **SUSTAINED** as to "she was not really too sympathetic to my condition." |
| Decl. of Pl. ¶ 14, ECF No. 39-2: "She did so in a transparent | "Speculation; lack of personal knowledge; conclusory; lacks | **SUSTAINED** |

| | | |
|---|---|---|
| attempt to create a justification to terminate me." | foundation. Plaintiff cannot testify as to the mindset or intention of Ms. Rae." | |
| Decl. of Pl. ¶ 20, ECF No. 39-2: ". . . any reasonable person in my position would have found it hostile and abusive." | "Speculation; lack of personal knowledge; conclusory; lacks foundation. Plaintiff cannot testify as to the mindset of the reasonable person." | **SUSTAINED** |
| Decl. of Pl. ¶ 31, ECF No. 39-2: "The claim that I was terminated for failing to return to work when scheduled is false." | "Speculation; lack of personal knowledge; conclusory; lacks foundation. Plaintiff cannot testify as to Empire Today's decision to terminate her employment. (*See also* Defendant's Reply at Part 3(b))." | **SUSTAINED** |
| Decl. of Pl. ¶ 32, ECF No. 39-2: "Ms. Rae designated a non-disabled man, Robert Macias, as rehirable when his employment terminated." | "Speculation; lack of personal knowledge; conclusory; lacks foundation. Plaintiff cannot testify as to whether Mr. Macias was disabled or Rae's personnel decisions. (*See also* Def.'s Reply 3–6, ECF No. 41)." | **SUSTAINED** |
| Decl. of Pl. ¶ 33, ECF No. 39-2: "While on leave and when terminated, I was replaced by males that had no disability. More particularly, Andre Apperwhite, a non-disabled man, replaced me after I was terminated. I acquired this information from employees that still worked there after I was terminated, including but not limited to Lisa Lujan." | "Speculation; lack of personal knowledge; conclusory; lacks foundation. Plaintiff cannot testify as to who replaced her based on hearsay statements provided by employees who also lack such personal knowledge. Plaintiff also cannot testify as to whether Mr. Apperwhite was disabled. Pursuant to the sham-affidavit doctrine. Plaintiff identifies this individual for the first time in response to summary judgment, despite multiple inquiries requesting such information during discovery. | **SUSTAINED** |

2

| | | |
|---|---|---|
| | Hearsay (as to sentence 3).<br><br>(*See also* Defendant's Reply at Part 3(a))." | |
| Decl. of Lujan ¶ 3, ECF No. 39-3: ". . . as was everyone else on the team." | "Speculation; lack of personal knowledge; conclusory; lacks foundation. Ms. Lujan cannot testify as to other people's knowledge or impression." | SUSTAINED |
| Decl. of Lujan ¶ 5, ECF No. 39-3: "Michelle Hernandez was replaced with a male employee while she was on leave. Also, after she was terminated, Andre Apperwhite (I believe that is the spelling of his last name), a male in his 30's without any disability, took over her position and replaced her." | "Speculation; lack of personal knowledge; conclusory; lacks foundation. Ms. Lujan cannot testify as to who replaced Plaintiff or as to whether Mr. Apperwhite was disabled.<br><br>(*See also* Defendant's Reply at Part 3(a))." | SUSTAINED as to "Also, after she was terminated, Andre Apperwhite (I believe that is the spelling of his last name), a male in his 30s without any disability, took over her position and replaced her." |
| Decl. of Lujan ¶ 5, ECF No. 39-3: "I have complained to HR in the past for discrimination and they just ignored discrimination or violation of policies and procedures." | "Speculation; lack of personal knowledge; conclusory; lacks foundation. Ms. Lujan cannot testify as to Empire Today's actions and intentions." | SUSTAINED |

**SIGNED** this **16th** day of **October 2020**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

3