**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **MICHELLE HERNANDEZ,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-19-CV-260-DB** |
| | § | |
| **EMPIRE TODAY, LLC,** | § | |
| **Defendant.** | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

On this day, the Court considered Defendant Empire Today, LLC's ("Empire Today") "Motion for Summary Judgment" ("Motion") filed in the above-captioned case on September 21, 2020. ECF No. 36. Therein, Empire Today asserts that it is entitled to summary judgment on Plaintiff Michelle Hernandez's ("Hernandez") claims for: (1) sex discrimination, (2) disability discrimination, (3) retaliation, and (4) negligence. *Id.* at 2–3. Hernandez filed a Response on October 5, 2020. ECF No. 39. Empire Today filed a Reply on October 13, 2020. ECF No. 41. After due consideration, the Court is of the opinion that Empire Today's Motion shall be granted in part and denied in part.

### BACKGROUND

In October 2016 while employed at Empire Today, Hernandez became pregnant. Orig. Pet. ¶ 8, ECF No. 2-1. Hernandez requested and received maternity leave from Empire Today. *Id.* ¶ 12. When Hernandez called Empire Today to schedule her return from leave, she was told she had been terminated. *Id.* ¶ 13. The parties dispute the cause and circumstances of Hernandez's termination. Resp. 2, ECF No. 39; Mot. 2, ECF No. 36.

On December 7, 2018, Hernandez filed an "Original Petition" in County Court at Law 6 in El Paso County, Texas, against Empire Today and her supervisor at Empire Today, Rita

Rae ("Rae")[1]. Orig. Pet. ¶¶ 3–4, ECF No. 2-1. Therein, Hernandez claims Empire Today discriminated against her on the basis of sex and disability in violation of § 21.051 of the Texas Labor Code[2]. *Id.* ¶¶ 19, 25. Hernandez also claims that Empire Today violated § 21.055 of the Texas Labor Code by retaliating against her when she opposed the discrimination. *Id.* ¶ 21. Hernandez further claims that Rae assaulted her at work by threatening imminent bodily injury. *Id.* ¶ 17. Finally, Hernandez claims that both Empire Today and Rae were negligent in hiring, supervising, training, and retaining employees. *Id.* ¶ 23. Hernandez sought monetary relief and punitive damages over $1,000,000. *Id.* ¶¶ 26, 27.

   Empire Today removed the case to this Court based on the Court's diversity of citizenship jurisdiction arguing that Rae was improperly joined. Notice of Removal 1, ECF No. 1. The Court denied Hernandez's Motion to Remand and dismissed Rae from the case, as Rae had not been served within the applicable statute of limitations period. Mot. to Remand, ECF No. 7; Mem. Op., ECF No. 14.

   At the close of discovery, Empire Today filed a Motion for Summary Judgment, ECF No. 36, which the Court will grant in part and deny in part.

---

[1] Hernandez initially spelled Rae's name as "Rita Rey." *See* Orig. Pet., ECF No. 2-1. Empire Today claimed that Hernandez incorrectly named "Rita Rey" in pleadings and that the correct spelling of her name is "Rita Rae." Resp. to Pl.'s Mot. to Remand 1, ECF No. 8. In their filings pertaining to the instant Motion, both Hernandez and Empire Today spell the surname as "Rae." *See* Mot. 3, ECF No. 36; Resp. 2, ECF No. 39. Thus, the Court will refer to her as "Rae."

[2] Violations of the Texas Labor Code's anti-discrimination provisions are sometimes referred to as violations of the Texas Commission on Human Rights Act ("TCHRA"). The TCHRA was enacted in 1983 to provide rights and remedies for employment discrimination that are substantially equivalent to the protections available under federal law. Brooks William Conover, III, *Jurisdictional and Procedural Issues Under the Texas Commission on Human Rights Act*, 47 Baylor L. Rev. 683, 686 (1995). It was codified in Chapter 21 of the Texas Labor Code. *Id.* at 684. In this Opinion, the Court will refer to Hernandez's claims as alleging violations of the Texas Labor Code even though some of the subsequent case law described in this opinion refers to them as violations of the TCHRA.

### 1. Hernandez's Factual Allegations

Hernandez characterizes her pregnancy as "high-risk." Orig. Pet. ¶ 8, ECF No. 2-1; Resp. 2, ECF No. 39. After Hernandez informed Rae of her pregnancy, Rae had a "negative reaction, telling Hernandez that she had no sympathy for her." Resp. 2, ECF No. 39. Hernandez claims Rae "began scrutinizing her work, pressured her to work overtime (which was outside of her job duties), increased her sales quota, imposed unwarranted discipline, pressured her to resign because of her pregnancy, and threatened to demote and to terminate her." *Id.* Hernandez also alleges that after she made a report to Human Resources, Rae threatened her with termination. *Id.* Hernandez adds that Empire Today "interfere[ed] with her job performance, such as by unreasonably scheduling meetings and then changing the meetings but not notifying [her] of the changes to then unfairly and untruthfully criticizing her job performance and attempting to pressure her to quit." Orig. Pet. ¶ 11, ECF No. 2-1.

Hernandez requested and received 30 days of maternity leave from Empire Today, but because of complications with the pregnancy and the child's condition, Hernandez requested additional leave. Orig. Pet. ¶ 12, ECF No. 2-1; Resp. 16, ECF No. 39; App. to Resp. ¶ 26, ECF No. 39-1. Hernandez alleges she was told she would receive the additional leave. Resp. 16, ECF No. 39; App. to Resp. ¶ 27, ECF No. 39-1. However, Hernandez contends when she called to schedule her return, she was told she had been terminated and that her additional leave had not actually been approved. Resp. 2, 16, ECF No. 39; App. to Resp. ¶¶ 28–30, ECF No. 39-1. Hernandez claims that Rae had designated Hernandez as "non-rehirable." Resp. 2, ECF No. 39; App. to Resp. ¶ 31, ECF No. 39-1. Hernandez alleges she was replaced with a non-disabled male. Orig. Pet. ¶ 15, ECF No. 2-1; Resp. 12, ECF No. 39.

### 2. Empire Today's Factual Allegations

Empire Today makes a general denial of Hernandez's factual allegations. Orig.

Answer 2, ECF No. 2-6.

With regards to Hernandez's termination, Empire Today claims:

Hernandez began a 30-day personal leave on June 15, 2017 to have her baby but failed to return to work by the deadline. As a courtesy, Empire Today allowed Hernandez an extra 18-days of personal leave. Nevertheless, Hernandez still failed to return to work by the requested date. Accordingly, Empire Today terminated her employment due to job abandonment, effective August 2, 2017.

Mot. 2, ECF No. 36.

Empire Today adds that "Hernandez failed to substantiate the need for additional leave." *Id.* at 5. Empire Today also asserts that Rae was not involved in and did not have influence in the decision to terminate Hernandez. *Id.*

### LEGAL STANDARDS

Empire Today has filed a motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . ." Fed. R. Civ. P. 56(c)(1). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

4

"Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact." *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012) (citing *Celotex*, 477 U.S. at 323). Where the burden of proof lies with the nonmoving party, the moving party may satisfy its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. While the moving party "must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).

A fact is material only if it would permit "a reasonable jury . . . [to] return a verdict for the nonmoving party" and "might affect the outcome of the suit." *Douglass v. United Servs. Auto. Ass'n*, 65 F.3d 452, 458–59 (5th Cir. 1995), *aff'd en banc*, 79 F.3d 1415 (5th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986)). "If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response." *Duffie*, 600 F.3d at 371 (citation omitted).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Id.* The nonmovant "must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Id.* "This burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (citations omitted). "In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party." *Duffie*, 600

5

F.3d at 371 (citing *Liberty Lobby*, 477 U.S. at 255). However, "[c]redibility determinations, the

weighing of the evidence, and the drawing of legitimate inferences from the facts are jury

functions, not those of a judge." *Liberty Lobby*, 477 U.S. at 255.

## ANALYSIS

Empire Today asserts that it is entitled to summary judgment on Hernandez's

claims for: (1) sex discrimination, (2) disability discrimination, (3) retaliation, and (4) negligence.

Mot. 2–3, ECF No. 36. The Court will examine each of Hernandez's claims in turn.

1. **Sex Discrimination: Summary Judgment Should Be Denied On Hernandez's Claim Of Hostile Work Environment And Granted On Her Claim Of Discriminatory Termination.**

Hernandez makes two claims of sex discrimination in violation of section 21.051

of the Texas Labor Code[3]. Orig. Pet. ¶ 19, ECF No. 2-1. Hernandez claims that Empire Today

discriminated against her on the basis of her sex (a) when it subjected her to a hostile work

environment and (b) when it terminated her employment. *Id.* Summary judgment on

Hernandez's hostile work environment claim should be denied because genuine disputes of

material fact exist on two of the elements of the claim. However, summary judgment on

Hernandez's discriminatory termination claim should be granted because Hernandez cannot make

a prima facie case on the claim.

---

[3] When examining the Texas Labor Code, courts look to relevant federal law for guidance when the relevant provisions of Title VII of the Civil Rights Act of 1964 ("Title VII") are analogous. *San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 136–37 (Tex. 2015) (citing Tex. Lab. Code § 21.001(1); *AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 592–93 (Tex. 2008) (per curiam)). Title VII and the Texas Labor Code are governed by effectively identical law. *See Lewis v. City of Dallas*, No. 3:16-CV-0259-N, 2016 WL 11474104, at *5 (N.D. Tex. Dec. 20, 2016). The subsequent case law described in this Opinion may examine either Title VII or the Texas Labor Code.

a. <u>Hostile Work Environment</u>: **Genuine disputes of material fact exist regarding Hernandez's hostile work environment claim. Therefore, summary judgment should be denied on the claim.**

Texas law recognizes that an employer may be held liable for sex discrimination under section 21.051 of the Texas Labor Code if its employees create a hostile work environment. *See Gumpert v. ABF Freight Sys., Inc.*, 293 S.W.3d 256, 261 (Tex. App.—Dallas 2009, no pet). To establish a hostile work environment claim, an employee must show that (1) she belongs to a protected group; (2) she was subject to unwelcome harassment; (3) the harassment complained of was based on sex; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. *Alief Indep. Sch. Dist. v. Brantley*, 558 S.W.3d 747, 757 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). When, as in this case, the alleged harassment is committed by the employee's supervisor, the employee does not need to prove the fifth element—that the employer knew or should have known of the harassment and failed to take prompt remedial action. *Harris Cty. Hosp. Dist. v. Parker*, 484 S.W.3d 182, 197 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

In this case, Empire Today argues that Hernandez cannot establish the third and fourth elements of her hostile work environment claim—that is, (i) that the alleged harassment was based on sex and (ii) that the alleged harassment affect a term, condition, or privilege of employment. The Court holds that there are genuine disputes of material fact on both.

i. **A reasonable jury could find that the alleged harassment was based on Hernandez's sex.**

To establish a hostile work environment claim, an employee must show that the harassment complained of was based on sex. *Brantley*, 558 S.W.3d at 757. In cases where the

7

employee and harasser are of the same sex, an employee may prove sex-based animus with "evidence of general hostility to a particular gender in the workplace" or "direct comparative evidence of the harasser's treatment of both sexes." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 772 (Tex. 2018). Evidence of general hostility "focuses on hostility towards the harasser's own gender in the workplace." *Id.* at 778. Direct comparative evidence shows how the alleged harasser treated members of each sex in a mixed-sex workplace differently and allows a claimant to demonstrate sex motivation based on sex-neutral conduct. *Id.*

Discrimination based on pregnancy constitutes discrimination based on sex. Tex. Labor Code § 21.106(a). An employee only needs to prove that sex was a "motivating factor" of the harassment. Tex. Labor Code § 21.125(a). An employee's sex does not have to be the sole motivating factor behind the harassment but can be one of many. *See id.*; *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 479–480 (Tex. 2001). An employee must present evidence other than subjective belief that the employer's actions were motivated by the employee's sex. *See Gibson v. Verizon Servs. Org., Inc.*, 498 F. App'x 391, 394 (5th Cir. 2012).

In this case, Hernandez argues that Rae's harassment of her after she informed Rae of her pregnancy is evidence that the harassment was because of her pregnancy. Resp. 8, ECF No. 21. In support of this argument, Hernandez presents her own declaration in which she states:

- "Ms. Rae responded negatively when I told her I was pregnant." Decl. of Hernandez ¶ 6, ECF No. 39-2.
- "Immediately after I informed Ms. Rae of my pregnancy and need for accommodation, she became hostile, aggressive, abusive, harassing on an everyday basis." *Id.* ¶ 10.
- "In particular, prior to informing Ms. Rae of my high-risk pregnancy and need for accommodations, I had not been harassed or had my work micromanaged." *Id.* ¶ 11.

8

- "Approximately a week after I told her of my pregnancy, Ms.
  Rae instructed me that I would be required to work mandatory
  overtime." *Id.* ¶ 12.
- "In addition, shortly after I advised Ms. Rae of the pregnancy
  and need for accommodation, she dramatically raised my sales
  quotas." *Id.* ¶ 14.

Hernandez also presents the declaration of a co-worker, Lisa Lujan ("Lujan"). *See,*

*e.g.,* Decl. of Lujan ¶ 3, ECF No. 39-3.  In her declaration, Lujan states, "I was aware of Michelle

Hernandez's pregnancy and that she needed to go to doctor's appointments. . . Ms. Rae was very

upset and annoyed that Michelle Hernandez was going to doctor's appointments.  I personally

observed Ms. Rae harass Michelle Hernandez constantly over her going to the doctor." *Id.*

Hernandez also presents comparative evidence of Rae's differing treatment of

members of different sexes.  Her declaration states:

> Ms. Rae also threatened to terminate me because of my pregnancy.
> In about March 2017, Ms. Rae called me in her office and also told
> me that I was "automatically terminated" when I did not show up
> for overtime, despite the fact that she knew in advance that I could
> not work overtime because of my high-risk pregnancy. I pointed out
> to her that a male employee, Pablo (last name unknown), had not
> shown up for overtime work or called in, and he had not been fired.
> She then withdrew the termination.

Decl. of Hernandez ¶ 18, ECF No. 39-2.

The Court holds that Hernandez has produced sufficient evidence such that a

reasonable jury could find that the alleged harassment was based on her sex. *Douglass,* 65 F.3d at

459; *Brantley,* 558 S.W.3d at 757.  Hernandez puts forward evidence of Rae's general hostility

toward pregnant employees, Decl. of Hernandez ¶¶ 6, 10–12, 14, ECF No. 39-2; Decl. of Lujan ¶

3, ECF No. 39-3, and direct comparative evidence of Rae's treatment of both sexes, Decl. of

Hernandez ¶ 18, ECF No. 39-2.  Both are evidence of sex-based animus. *Clark,* 544 S.W.3d at

9

772. Hernandez's and Lujan's declarations both plausibly indicate that Rae's treatment of

Hernandez was motivated at least in part by Hernandez's pregnancy and, thus, her sex.

   The Court disagrees with several of Empire Today's arguments.  First, Empire

Today argues for summary judgment on Hernandez's hostile work environment claim because

"conduct that is not of a sex-based nature cannot form the basis of an actionable claim for

harassment in the creation of a hostile work environment."  Mot. 7, ECF No. 36.  Specifically,

Empire Today states:

> With the exception of Rae's alleged comment that "pregnant people
> bothered her," Hernandez cannot rely on anything other than her
> subjective belief that the alleged harassment was because of her sex,
> which is insufficient to defeat summary judgment.  In fact, the
> interactions between Hernandez and Rae, who is also female, were
> wholly based on and related to Hernandez's performance of job
> duties.  For example, Hernandez complains about receiving (what
> she perceived to be) unfair criticism and pressure but cannot
> articulate how such workplace occurrences were intended to be
> derogatory or demeaning based on sex.  Similarly, the incidents
> raised by Hernandez, while they might cause some offense, are
> simply not evidence of sex-based harassment or supportive of a
> hostile work environment.

*Id.* at 7–8 (citations omitted).

   However, as stated above, direct comparative evidence enables an employee to

show sex discrimination based purely on workplace occurrences.  *Clark*, 544 S.W.3d at 778.

Hernandez has provided such evidence.  Decl. of Hernandez ¶ 18, ECF No. 39-2.

   Empire Today also argues that Hernandez relies only on her subjective belief that

the alleged harassment was because of sex.  Mot. 7–8, ECF No. 36.  The Court disagrees.  While

Hernandez does use her personal beliefs as evidence, she also advances additional evidence as

required to survive summary judgment.  *Gibson*, 498 F. App'x at 394.  Hernandez can point to

Lujan's declaration.  Decl. of Lujan ¶ 3, ECF No. 39-3.  Further, Hernandez's description of

Rae's treatment of her after she informed Rae of the pregnancy adds additional support, independent of Hernandez's subjective belief, that the treatment was based on Hernandez's sex. Decl. of Hernandez ¶¶ 6, 10–12, 14, ECF No. 39-2.

Empire Today also suggests that because the alleged harassment encompasses sex-neutral "workplace occurrences," it could not be motivated by sex. Mot. 8, ECF No. 36. The Court again disagrees. Hernandez presents comparative evidence of Rae's treatment of both sexes. Decl. of Hernandez ¶ 18, ECF No. 39-2. Such evidence can demonstrate sex motivation based on sex-neutral conduct. *Clark*, 544 S.W.3d at 778. Additionally, sex only needs to be a motivating factor of the harassment. Tex. Labor Code Ann. § 21.125(a); *Toennies*, 47 S.W.3d at 480. Thus, harassment may be motivated by sex even when it involves workplace concerns. *Id.* Hernandez's evidence sufficiently raises that possibility, making summary judgment on the issue inappropriate.

### ii. A reasonable jury could find that the alleged harassment affected a term, condition, or privilege of Hernandez's employment.

To establish that a work environment is hostile, an employee must show that the harassment complained of affected a term, condition, or privilege of employment. *Brantley*, 558 S.W.3d at 757. "Whether an environment is objectively hostile or abusive is determined by considering the totality of the circumstances." *Id.* Although no single factor is required to establish when a workplace is hostile to the point of affecting a term, condition, or privilege of employment, "courts look to (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating as opposed to a mere offensive utterance; (4) whether it unreasonably interferes with an employee's work performance; and (5) whether the complained of conduct undermines the [employee]'s workplace competence." *Id.*

11

Hernandez alleges that Rae created a hostile work environment through multiple actions.  Resp. 6–8, ECF No. 39.  In support, Hernandez cites her own declaration in which she states:

- "Ms. Rae told me that Empire Today would not accommodate my request for time off to visit the doctor."  Decl. of Hernandez ¶ 7, ECF No. 39-2.
- "Within a week after telling Ms. Rae of my high-risk pregnancy and need for accommodations, she began harassing me on a daily basis, micromanaging my work on a daily basis, frequently calling me to her office, and disciplining me. She would constantly come to my work station and look at me negatively. She took actions to make my work environment harassing and more burdensome, including requiring more hours; extra monitoring, scrutinizing my internet usage and emails; constant meetings and calling me to her office about my doctor's notes; and harassing and yelling at me for using the office internet to send emails to HR including doctor's notes."  Id. ¶ 11.
- "Approximately a week after I told her of my pregnancy, Ms. Rae instructed me that I would be required to work mandatory overtime. Because I was a part-time employee, mandatory overtime was not part of my job duties."  Id. ¶ 12.
- "Ms. Rae threatened to 'eliminate' the position of part-time agent. She told me, 'either work OT or you are fired.'"  Id. ¶ 13.
- "Ms. Rae dramatically raised my sales quotas. She knew that I could not meet the higher quotas while working the reduced hours made necessary by my high-risk pregnancy."  Id. ¶ 14.
- "Ms. Rae threatened to demote me to the position of customer service representative, a position which earned lower wages and did not earn commissions."  Id. ¶ 15.
- "Ms. Rae told me to quit so I could deal with my pregnancy."  Id. ¶ 16.

Empire Today argues for summary judgment because Hernandez "cannot demonstrate that the alleged conduct is sufficiently severe or pervasive to alter the conditions of her employment."  Mot. 8, ECF No. 36.  Rather, Empire Today characterizes the alleged harassment as mere "work pressures" and reminders that "Rae could demote or terminate her if she pleased."  Id. at 9.

12

The Court holds that Hernandez has produced sufficient evidence such that a reasonable jury could find that the harassment complained of affected a term, condition, or privilege of employment. *Douglass*, 65 F.3d at 459; *Brantley*, 558 S.W.3d at 757. Frequency, severity, and threats factor into a determination of a hostile work environment. *Brantley*, 558 S.W.3d at 757. Hernandez describes a pattern of frequent harassment from Rae which was severe and included threats of termination and demotion. Decl. of Hernandez ¶¶ 7, 11–16, ECF No. 39-2. Interference with work performance and undermining workplace competence also factor into a determination of a hostile work environment. *Brantley*, 558 S.W.3d at 757. A reasonable jury could, therefore, find that the frequent supervision and added work pressure alleged by Hernandez could have interfered with Hernandez's work performance and undermined her workplace competence. Decl. of Hernandez ¶¶ 11–14, ECF No. 39-2.

Whether an environment is hostile or abusive is determined by considering the totality of the circumstances. *Brantley*, 558 S.W.3d at 757. Thus, neither the fact that the alleged harassment encompasses "work pressures" nor that Rae had the authority to demote or terminate Hernandez can preclude a finding of a hostile work environment, as Empire Today argues. Rather, the Court holds that, based on the totality of the circumstances, a reasonable jury could find that the harassment Hernandez complains of affected a term, condition, or privilege of her employment. *Douglass*, 65 F.3d at 459; *Brantley*, 558 S.W.3d at 757.

Genuine disputes of material fact exist about whether (i) the alleged harassment was based on Hernandez's sex, and (ii) the alleged harassment affected a term, condition, or privilege of Hernandez's employment. Therefore, summary judgment on Hernandez's sex discrimination claim based on hostile work environment should be denied.

13

b. <u>Discriminatory Termination</u>: **Summary judgment should be granted on Hernandez's sex discrimination claim based on discriminatory termination because she has not established a prima facie case.**

Section 21.051 of the Texas Labor Code prohibits the discharge of an employee because of sex. Tex. Labor Code § 21.051. Where, as here, the employee proffers no direct evidence of sex discrimination, courts employ the *McDonnell Douglas* burden-shifting framework. *Jespersen v. Sweetwater Ranch Apartments*, 390 S.W.3d 644, 654 (Tex. App.— Dallas 2012, no pet.); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). The employee bears the initial burden of establishing a prima facie case of discrimination. *See McDonnell Douglas*, 411 U.S. at 802. If the employee successfully meets this burden, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for its employment decision. *Id.* The employer's burden is one of production only, however, and the ultimate burden of persuasion remains with the employee at all times. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). If the employer proffers a legitimate, non-retaliatory reason for its employment decision, the employee receives an opportunity to demonstrate that the given reason is pretext for retaliation. *See McDonnell Douglas*, 411 U.S. at 804.

To establish a prima facie case of sex discrimination, the employee must show she (1) is a member of a protected class, (2) was qualified for her position, (3) suffered an adverse employment action, and (4) was replaced by someone outside of her protected class or similarly situated members of the opposing class were treated more favorably. *AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008) (per curiam); *Jespersen*, 390 S.W.3d at 654. In making a motion for summary judgment where the burden of proof lies with the nonmoving party, the moving party must first show that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When the moving party has made such a showing, the

14

nonmoving party "must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Duffie*, 600 F.3d at 371.

In this case, Empire Today, the moving party, argues that Hernandez cannot establish the fourth element because she cannot identify any male comparators. Mot. 10–12, ECF No. 36. Hernandez, the nonmoving party, has the initial burden of establishing a prima facie case of discriminatory termination. *See McDonnell Douglas*, 411 U.S. at 802. Hernandez alleges she was replaced by "Andre Apperwhite," a non-disabled male. Resp. 12, ECF No. 12. However, the Court sustained Empire Today's objections to references to Andre Apperwhite in Hernandez's evidence. Order, ECF No. 44. Thus, the Court holds that Empire Today has shown that there is an absence of evidence to support Hernandez's case of discriminatory termination. *Celotex*, 477 U.S. at 325.

Hernandez does not put forth another comparator. *See, generally,* Resp. 12, ECF No. 12. Thus, Hernandez has not identified specific evidence in the record and articulated how that evidence supports her claim of discriminatory termination. *Duffie*, 600 F.3d at 371. Therefore, Hernandez has not made a prima facie case on her claim of discriminatory termination based on sex, and summary judgment should be granted on that claim. Because Hernandez has not made a prima facie case, the Court does not need to address the remaining burdens in the *McDonnell Douglas* framework. *McDonnell Douglas*, 411 U.S. at 802–04.

   2. **Disability Discrimination: Summary Judgment Should Be Denied On Hernandez's Claim Of Refusal To Accommodate And Granted On Her Claim Based Of Discriminatory Termination.**

Hernandez makes two claims of disability discrimination in violation of section 21.051 of the Texas Labor Code. Orig. Pet. ¶ 25, ECF No. 2-1; Resp. 10, ECF No. 39. Hernandez claims that Empire Today discriminated against her on the basis of her disability (a)

15

when it refused to accommodate her disability and (b) when it terminated her employment. Orig. Pet. ¶ 25, ECF No. 2-1; Resp. 10, ECF No. 39.

With respect to both Hernandez's refusal to accommodate and termination claims, Empire Today argues that Hernandez was not disabled. Mot. 13–15, ECF No. 36. Hernandez responds that the circumstances of her pregnancy indicate a disability. Resp. 4–5, ECF No. 39. The Court will first address whether Hernandez suffered from a disability. Then, the court will address whether she received reasonable accommodations. Finally, the court will address Hernandez's termination claim.

### a. **Disability**: Genuine disputes of material fact exist regarding whether Hernandez was disabled.

"'Disability' means, with respect to an individual, a mental or physical impairment that substantially limits at least one major life activity of that individual, a record of such an impairment, or being regarded as having such an impairment." Tex. Labor Code § 21.002(6)[4]. "A 'major life activity' is considered to be something akin to 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working.'" *Garcia v. Allen*, 28 S.W.3d 587, 596 (Tex. App.—Corpus Christi 2000, pet. denied) (quoting *Hartis v. Mason & Hanger Corp.*, 7 S.W.3d 700, 703 (Tex.App.—Amarillo 1999, no pet. h.). When determining whether an individual is substantially limited, a court considers:

> (i) The nature and severity of the impairment;
> (ii) The duration or expected duration of the impairment; and

---

[4] The language of Texas Labor Code parallels that of the American with Disabilities Act ("ADA"). Thus, courts evaluating discrimination claims brought under the Texas Labor Code may look to ADA law. *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 578 n.16 (5th Cir. 2020). The Court will refer in this Opinion to cases examining either the ADA or the Texas Labor Code.

16

(iii) The permanent or long term impact, or the expected permanent
or long term impact of or resulting from the impairment.

*Norwood v. Litwin Engineers & Constructors, Inc.*, 962 S.W.2d 220, 224 (Tex.App.—Houston
[1st Dist.] 1998, pet. denied) (quoting C.F.R. § 16.30.2(j)(2)).

Empire Today argues that "Hernandez's high-risk pregnancy is not a qualifying

disability, because it did not substantially limit a major life activity." Mot. 14, ECF No. 36.

Specifically, Empire Today argues that complications related to pregnancy are not disabilities. *Id.*

Additionally, Empire Today argues that Hernandez was not disabled at the time of her termination

because she had delivered her baby. *Id* at 15. In its Reply, Empire Today also argues that

Hernandez's alleged impairments are not disabilities because they are not long-term impairments.

Reply 3–4, ECF No. 41.

Hernandez responds that her pregnancy qualifies as a disability because it limited

her ability to sit, and she had a high-risk pregnancy with gestational diabetes and high blood

pressure. Resp. 5, ECF No. 39. Hernandez supports this contention with her own declaration in

which she states:

- "When I was about 24 weeks pregnant, the pregnancy was
  designated a high-risk pregnancy. The pregnancy was high-risk
  because the baby was retaining too much water, requiring
  regular monitoring of the baby's condition, and because I was
  diagnosed with gestational diabetes. As the pregnancy
  progressed, I developed high blood pressure, fatigue, and
  dizziness." Decl. of Hernandez ¶ 3.
- "I would get dizzy, feel fatigued and tired, and would need to
  keep my feet elevated for the blood pressure. As a result, I was
  substantially impaired in my ability to remain sitting or
  standing." *Id.* ¶ 4.

The Court holds that Hernandez has produced sufficient evidence such that a

reasonable jury could find that her pregnancy qualifies as a disability under the Texas Labor

Code. *Douglass*, 65 F.3d at 459; Tex. Labor Code § 21.002(6). Based on Hernandez's

17

description of her condition, Decl. of Hernandez ¶¶ 3, 4, a reasonable jury could find that Hernandez was substantially limited in at least one "major life activity." Tex. Labor Code § 21.002(6); *Garcia*, 28 S.W.3d at 596.

The Court does not agree with Empire Today's argument that because Hernandez was not disabled at the time of her termination and because her alleged impairments were not long-term, the alleged impairments cannot be disabilities. Mot. 14–15, ECF No. 36; Reply 3–4, ECF No. 41. While a court does consider the duration and long-term impact of the impairment in determining disability, neither is dispositive in the determination because the determination is necessarily fact intensive and must take into account all of the facts of the particular case. *Garcia*, 28 S.W.3d at 596.

b. <u>Reasonable Accommodations</u>: **Genuine disputes of material fact exist regarding whether Hernandez received reasonable accommodations. Therefore, summary judgment should be denied on Hernandez's disability discrimination claim based on refusal to accommodate.**

Employers are required to make reasonable accommodations for known disabilities unless the accommodation would impose an undue hardship. Tex. Labor Code § 21.128(a). The "reasonableness" of the accommodation is evaluated in terms of the employee's ability to do the job. *Austin State Hosp. v. Kitchen*, 903 S.W.2d 83, 91 (Tex. App.—Austin 1995, no pet.). A reasonable accommodation would enable the employee to perform the "essential functions" of the position. *Id*. In some circumstances, a leave of absence or leave extension can be a reasonable accommodation. *Texas Dep't of Transportation v. Lara*, 577 S.W.3d 641, 648 (Tex. App.—Austin 2019, pet. granted). The reasonableness of the length of a leave request depends on the facts and circumstances. *Id*.

18

Hernandez claims that Empire Today discriminated against her on the basis of her disability by refusing to accommodate her disability. Orig. Pet. ¶ 25, ECF No. 2-1. She alleges that Empire Today initially told her that her request for 60 to 90 days of leave was approved and she was expected to return around August 21, 2017. Decl. of Hernandez ¶¶ 26–27, ECF No. 39-2. However, when Hernandez called Empire Today to arrange her return to work, she was informed that she was terminated for failing to return to work and that her leave was not approved. *Id.* ¶¶ 28–31; Resp. 2, ECF No. 39.

Empire Today argues for summary judgment, first, because Hernandez was not owed a duty of accommodation because she was only "regarded as" having a disability, rather than actually having a limitation. Mot. 16–17, ECF No. 36. Second, Empire Today argues that it fulfilled the duty of accommodation by granting Hernandez 30 days of personal leave and extending her leave 18 days after she failed to return. *Id.* at 2, 17. When Hernandez again failed to return after the 18-day extension, she was terminated for job abandonment. *Id.* at 2.

The Court does not consider Hernandez to be making a claim for accommodation because she was "regarded as" disabled. In fact, Hernandez explicitly argues that she actually had a disability. Resp. 5, ECF No. 39. Thus, the Court will not address Empire Today's argument that Hernandez was not owed a duty of accommodation because she was only "regarded as" having a disability.

The Court holds that Hernandez has produced sufficient evidence such that a reasonable jury could find that she was denied reasonable accommodation. *Douglass*, 65 F.3d at 459; Tex. Labor Code § 21.128(a). Because the "reasonableness" of the accommodation is evaluated in terms of the employee's ability to do the essential functions of the job, *Kitchen*, 903

19

S.W.2d at 91, the reasonableness of the length of a leave request depends on the facts and circumstances of a case, including the employee's disability, *Lara*, 577 S.W.3d at 648. Here, Hernandez has amply described the nature of her condition. *See* Decl. of Hernandez ¶¶ 3, 4. A reasonable jury could find, based on Hernandez's description, that more leave than what Empire Today granted was needed for Hernandez to do the essential functions of the job. *Kitchen*, 903 S.W.2d at 91.

             c.   <u>Discriminatory Termination</u>: **Summary judgment should be granted on Hernandez's disability discrimination claim based on discriminatory termination because she has not established a prima facie case.**

        Section 21.051 of the Texas Labor Code prohibits the discharge of an employee because of disability. Tex. Labor Code § 21.051. Where, as here, the employee proffers no direct evidence of disability discrimination, courts employ the *McDonnell Douglas* burden-shifting framework. *Donaldson v. Texas Dep't of Aging & Disability Servs.*, 495 S.W.3d 421, 433 (Tex. App.—Houston [1st Dist.] 2016, pet. denied); *see supra* 14 for explanation of the *McDonnell Douglas* burden-shifting framework.

        To establish a prima facie case of disability discrimination, the employee must show she (1) suffered from a disability, (2) was qualified for the job, (3) suffered an adverse employment action, and (4) was either replaced by a non-disabled employee or treated less favorably than non-disabled employees. *Eubank v. Lockhart Indep. Sch. Dist.*, 229 F. Supp. 3d 552, 562 (W.D. Tex. 2017), aff'd, 734 F. App'x 295 (5th Cir. 2018) (citing *Milton v. Tex. Dep't of Criminal Justice*, 707 F.3d 570, 573 (5th Cir. 2013)).

        In this case, Empire Today argues that Hernandez cannot establish the first element because Hernandez was not disabled. Mot. 13–15, ECF No. 36. The Court has held that genuine disputes of material fact exist regarding whether Hernandez was disabled. *See supra* 16–18.

Empire Today also argues that Hernandez cannot establish the fourth element because she cannot identify any non-disabled comparators. Mot. 15–16, ECF No. 36. In response, Hernandez alleges she was replaced by "Andre Apperwhite," a non-disabled male. Resp. 12, ECF No. 12. However, the Court sustained Empire Today's objections to references to Andre Apperwhite in Hernandez's evidence. Order, ECF No. 44. Hernandez does not put forth another comparator. *See, generally,* Resp. 12, ECF No. 12. This parallels Hernandez's claim of discriminatory termination based on sex; thus, the Court adopts the same reasoning it used to grant summary judgment on that claim, *see supra* 14–15, to hold that summary judgment should also be granted on Hernandez's claim of discriminatory termination based on disability. Because Hernandez has not made a prima facie case, the Court does not need to address the remaining burdens in the *McDonnell Douglas* framework. *McDonnell Douglas*, 411 U.S. at 802–04.

### 3.  Retaliation: Summary Judgment Should Be Denied on Hernandez's Retaliation Claim.

Hernandez claims that, as a result of her opposition to discrimination and requests for accommodations, Empire Today retaliated against her in violation of section 21.055 of the Texas Labor Code by subjecting her to a hostile work environment and terminating her employment. Orig. Pet. ¶ 21, ECF No. 2-1. The Court holds that summary judgment on Hernandez's retaliation claim should be denied.

Section 21.055 of the Texas Labor Code prohibits an employer from retaliating against an employee who opposes a discriminatory practice. Tex. Labor Code § 21.055. Where, as here, the employee proffers no direct evidence of disability discrimination, courts employ the *McDonnell Douglas* burden-shifting framework. *Datar v. Nat'l Oilwell Varco, L.P.*, 518 S.W.3d

21

467, 477 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); *see supra* 14 for explanation of *McDonnell Douglas* burden-shifting framework.

### a. Hernandez has established a prima facie case for retaliation.

Under the *McDonnell Douglas* framework, the employee bears the initial burden of establishing a prima facie case of retaliation. *See* 411 U.S. at 802. To establish a prima facie case of retaliation, the employee must show: (1) she participated in a protected activity; (2) she suffered an adverse action; and (3) there was a causal connection between her protected activity and the adverse action. *Buckhanan v. Shinseki*, 665 Fed.Appx. 343, 346–47 (5th Cir. 2016).

The parties in this case contest the first and third elements of the prima facie case. The Court will address each element in turn.

### i. Hernandez has met the burden of establishing that she participated in a protected activity.

A protected activity supporting a claim of retaliation under the Texas Labor Code must at least alert an employer to the employee's reasonable belief that unlawful discrimination is at issue. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 586 (Tex. 2017). "A vague complaint without reference to an unlawful employment practice does not constitute protected activity." *Apache Corp. v. Davis*, 573 S.W.3d 475, 493 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). In *Davis*, the court held that an employee engaged in a protected activity when she sent an email expressly referencing "age discrimination" and "women discrimination," even though the email did not contain the details of her age discrimination claim. *Id.* The court reasoned that the email sufficiently alerted the employer of the employee's belief that discrimination laws had been violated. *Id.* A request for an accommodation for a disability can also be a protected activity. *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 621 n. 9 (5th Cir. 2009).

22

In this case, Empire Today argues that it had no duty to accommodate Hernandez's request for accommodation, and, thus, the request for accommodation cannot be a protected activity. Mot. 18, ECF No. 36. Empire Today also suggests that Hernandez did not complain about Rae's discriminatory treatment. *Id.*

As explained above, a reasonable jury could conclude that Hernandez was disabled and, thus, owed a duty of accommodation. *See supra* 16–18. Hernandez claims she requested 60 to 90 days of leave to deal with her pregnancy. Decl. of Hernandez ¶ 26, ECF No. 39-2. A reasonable jury could also conclude that Hernandez's request for leave is a protected activity. *Chevron Phillips Chem. Co.*, 570 F.3d at 621 n. 9.

Hernandez's Declaration also states:

> I went to Mr. Garcia and complained about Ms. Rae's discrimination, harassment, daily abuse, calling me to the office, and threatening to demote or terminate me. I informed Mr. Garcia that Ms. Rae had commented to me about her miscarriages and not having children and therefore not having sympathy for me. I told him that I believed I was being discriminated because of my high-risk pregnancy and disability.

Decl. of Hernandez ¶ 21, ECF No. 39-2.

When Rae's harassment continued, Hernandez complained again, ultimately requesting that she be allowed to file an official report against Rae for discrimination and retaliation. *Id.* ¶¶ 23, 25.

Like the employee in *Davis*, Hernandez expressly references discrimination. Further, the complaints include sufficient factual background to alert Empire Today that the discrimination was based on Hernandez's pregnancy. Thus, a reasonable jury could find that Hernandez's complaints about discrimination are protected activities. *Douglass*, 65 F.3d at 459; *Davis*, 573 S.W.3d at 493.

23

### ii.  Hernandez has met the burden of establishing a causal connection between her protected activity and the adverse action.

An employee "need not prove that her protected activity was the sole factor in motivating the employer's challenged decision in order to establish the requisite causal link." *Martin v. Kroger Co.*, 65 F. Supp. 2d 516, 558 (S.D. Tex. 1999), aff'd, 224 F.3d 765 (5th Cir. 2000) At the prima facie stage, temporal proximity between the protected activity and the adverse action may be evidence of causation, but only if the temporal proximity is very close. *Cty. of El Paso v. Aguilar*, 600 S.W.3d 62, 92 (Tex. App.—El Paso 2020, no pet.) (citing *Clark*, 544 S.W.3d at 782, 790). Also, a pattern of discipline by management after an employee complains of discrimination can be circumstantial evidence of retaliatory intent. *Shiyan Jiang v. Texas Comm'n on Envtl. Quality*, 321 F. Supp. 3d 738, 749 (W.D. Tex. 2018).

In this case, Empire Today argues for summary judgment because Hernandez cannot establish a causal connection between her complaints about discrimination and the decision to terminate. Mot. 18, ECF No. 36.  Hernandez responds that she was terminated a couple months after her complaints of discrimination and requests for accommodation, and this temporal proximity raises a fact issue on causation. Resp. 14, ECF No. 39.  Hernandez also points to Rae's explicit threats and issuance of disciplinary actions as evidence of causation. Decl. of Hernandez ¶¶ 23–24, ECF No. 39-2.

The Court agrees with Hernandez.  Hernandez has presented evidence of both close temporal proximity and a pattern of discipline. Decl. of Hernandez ¶¶ 17–25, 28, 30, ECF No. 39-2.  Together they are sufficient evidence for a reasonable jury to find a causal connection between Hernandez's protected activity and Empire Today's decision to terminate. *Aguilar*, 600

24

S.W.3d at 92; *Jiang*, 321 F. Supp. 3d at 749. Thus, Hernandez has established a prima facie case

for retaliation as required by *McDonnell Douglas*. *See* 411 U.S. at 802.

> ### b.  Empire Today has proffered a legitimate, non-retaliatory reason for Hernandez's termination.

Once established by the employee, a prima facie case of retaliation raises a

presumption of retaliation, which the employer must rebut by articulating a legitimate, non-

retaliatory reason for its action. *See Burdine*, 450 U.S. at 255. The employer's burden, however,

is one of production only, merely requiring the employer to set forth, through admissible

evidence, reasons which would be "legally sufficient to justify a judgment for the [employer]."

*Burdine*, 450 U.S. at 254.

Here, Empire Today proffers that Hernandez was dismissed for job abandonment

after failing to return when her approved leave ended. Mot. 5, ECF No. 36. In support of this

allegation, Empire Today cites the declaration of Anthony Lamanna ("Lamanna"), a manager at

Empire Today, and correspondence with Hernandez regarding her leave. Decl. of Lamanna ¶¶ 6–

14, ECF No. 36-1; Letters to Hernandez, ECF No. 36-1 at 7–16. Because Empire Today

produced evidence that could support a finding that unlawful discrimination was not the cause of

the employment action, the Court is of the opinion that Empire Today has met its burden of

production with its proffer of a legitimate, non-retaliatory reason for discharging Hernandez.

> ### c.  A genuine issue of material fact exists about whether job abandonment is a pretext for discrimination against Hernandez.

Once an employer proffers a legitimate, non-retaliatory reason for an employee's

discharge, the employee must "offer sufficient evidence to create a genuine issue of fact that . . .

[employer]'s stated reason was a pretext for discrimination . . ." *Hardtke*, 2006 WL 2924942, at

*8. The evidence must "'indicat[e] that the nondiscriminatory reason given by the employer is

false or not credible, and that the real reason for the employment action was unlawful discrimination.'" *McNeel v. Citation Oil & Gas Corp.*, 526 S.W.3d 750, 759–60 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (quoting *Chandler v. CSC Applied Techs., LLC*, 376 S.W.3d 802, 814 (Tex. App.—Houston [1st Dist.] 2012, pet. denied)).

Temporal proximity between the protected activity and the adverse action, which can be used as evidence of the causation element of a prima facie case of retaliation, can also be used as evidence that an employer's stated reason for the adverse action is pretextual. *Jiang*, 321 F. Supp. 3d at 749. Additionally, a lack of disciplinary history prior to the protected activity can be evidence of pretext. *Id*. Also, "[a] supervisor's threat that exemplifies a retaliatory motive permits an inference of pretext." *Wallace v. Seton Family of Hosps.*, 777 F. App'x 83, 93 (5th Cir. 2019). Finally, inconsistent explanations and shifting reasons for termination can provide further evidence of pretext. *Id*. (citing *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 347 (5th Cir. 2019)).

In this case, Hernandez has presented enough evidence for a reasonable jury to conclude that job abandonment is a pretext for retaliation by Empire Today against Hernandez for making complaints of discrimination. *Douglass*, 65 F.3d at 459; *McNeel*, 526 S.W.3d at 759–60. Hernandez has evidence of temporal proximity of a couple months between her complaints and her termination. Decl. of Hernandez ¶¶ 21–25, 28, 30, ECF No. 39-2; *Jiang*, 321 F. Supp. 3d at 749. Hernandez also has evidence that she was not disciplined by Empire Today before her complaints. Decl. of Hernandez ¶ 11, ECF No. 39-2; Decl. of Lujan ¶ 2, ECF No. 39-3; *Jiang*, 321 F. Supp. 3d at 749. Hernandez states that Rae threatened to terminate her for making complaints. Decl. of Hernandez ¶¶ 23–24, ECF No. 39-2; *Wallace*, 777 F. App'x at 93. Finally, Hernandez has presented evidence that Empire Today has been inconsistent in providing a reason

26

for her termination when it stated that, instead of job abandonment, the reason was that Rae designated her as "non-rehireable." Decl. of Hernandez ¶ 30–31, ECF No. 39-2; Personnel Change Form, ECF No. 39-4. Hernandez has presented enough evidence to enable a reasonable jury, taking the evidence as a whole, to conclude that job abandonment is a pretext for retaliation by Empire Today against Hernandez.

Empire Today argues that Hernandez cannot demonstrate pretext because she cannot point to any comparators and cites *Agoh* in support. Mot. 19, ECF No. 36 (citing *Agoh v. Hyatt Corp.*, 992 F. Supp.2d 722, 736–37 (S.D. Tex. 2014)). The Court disagrees with Empire Today's interpretation of *Agoh*. Unlike employees with discriminatory termination claims, who must identify comparators, *see AutoZone*, Inc., 272 S.W.3d at 592; *Eubank*, 229 F. Supp. 3d at 562, employees with retaliation claims may, but are not required to, identify comparators. *See Agoh*, 992 F. Supp.2d at 737. The court in *Agoh* stated that "one way"—not the *only* way—to show pretext "is to show that the employer treated plaintiff more harshly than other 'similar situated employees' for 'nearly identical conduct', i.e., a disparate treatment theory using comparators." *Id.*

Hernandez has presented enough evidence for a reasonable jury to conclude that job abandonment is a pretext for retaliation by Empire Today against Hernandez for making complaints of discrimination. *Douglass*, 65 F.3d at 459; *McNeel*, 526 S.W.3d at 759–60. Therefore, summary judgment should be denied on Hernandez's retaliation claim.

### 4. Negligence: Summary Judgment Should Be Granted on Hernandez's Negligence.

Hernandez claims that Empire Today negligently hired, supervised, trained, and retained employees, including Rae. Orig. Pet. ¶ 23, ECF No. 2-1. Empire Today argues that

27

Hernandez's negligence claim fails as a matter of law because it is precluded by the Texas Labor Code. Mot. 21, ECF No. 36. Hernandez responds that Empire Today's argument is an untimely affirmative defense because it was not pled in Empire Today's Answer, ECF No. 2-6. Resp. 20, ECF No. 21.

The Court agrees with Empire Today that Hernandez's negligence claims fail as a matter of law. "In Texas, [an employee] cannot maintain a claim for negligent hiring, training, supervision, and retention when that claim merely alleges that an employer negligently supervised and retained an employee who then violated [employee]'s rights under the Texas Labor Code." *Jackson v. Corp. Serv. Co.*, No. CV H-11-4404, 2013 WL 12177339, at *10 (S.D. Tex. Feb. 6, 2013).

The Court also finds that Empire Today did timely plead the affirmative defense that Hernandez's negligence claims are precluded. In its Answer, Empire Today states in the "Defenses and Affirmative Defenses" section that "[Hernandez]'s claims are barred, in whole or in part, by the applicable statutes of limitations." Orig. Answer 5, ECF No. 2-6. The reference to Hernandez's claims being barred by applicable statutes is enough to put Hernandez on notice of the well-established defense that her negligence claims based on alleged discriminatory treatment are preempted by the Texas Labor Code. *Jackson*, 2013 WL 12177339, at *10.

Because Empire Today has correctly and timely asserted that Hernandez's negligence claims are preempted by the Texas Labor Code, Hernandez's negligence claims fail as a matter of law.

28

## CONCLUSION

Genuine issues of material fact exist regarding Hernandez's claims of (1) sex discrimination based on a hostile work environment, (2) disability discrimination based on refusal to accommodate, and (3) retaliation.  Thus, those three claims survive summary judgment.  However, Hernandez fails to make a prima facie case for two of her claims: (1) sex discrimination based on discriminatory termination and (2) disability discrimination based on discriminatory termination.  Thus, those two claims should be dismissed.  Additionally, Hernandez's negligence claim fails as a matter of law and should also be dismissed.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Empire Today, LLC's "Motion for Summary Judgment" is **DENIED IN PART** as it pertains to Plaintiff Michelle Hernandez's claim of sex discrimination based on a hostile work environment.

**IT IS FURTHER ORDERED** that Defendant Empire Today, LLC's "Motion for Summary Judgment" is **GRANTED IN PART** as it pertains to Plaintiff Michelle Hernandez's claim of sex discrimination based on discriminatory termination.

**IT IS FURTHER ORDERED** that Defendant Empire Today, LLC's "Motion for Summary Judgment" is **DENIED IN PART** as it pertains to Plaintiff Michelle Hernandez's claim of disability discrimination based on refusal to accommodate.

**IT IS FURTHER ORDERED** that Defendant Empire Today, LLC's "Motion for Summary Judgment" is **GRANTED IN PART** as it pertains to Plaintiff Michelle Hernandez's claim of disability discrimination based on discriminatory termination.

**IT IS FURTHER ORDERED** that Defendant Empire Today, LLC's "Motion for Summary Judgment" is **DENIED IN PART** as it pertains to Plaintiff Michelle Hernandez's claim of retaliation.

**IT IS FINALLY ORDERED** that Defendant Empire Today, LLC's "Motion for Summary Judgment" is **GRANTED IN PART** as it pertains to Plaintiff Michelle Hernandez's claim of negligence.

**SIGNED** this _23ʳᵈ_ day of **November 2020**.

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

30